Douglas L. Johnson (SBN 209216)
Frank R. Trechsel (SBN 312199)
Hunter S. Litterio (SBN 358806)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: djohnson@jjllplaw.com
ftrechsel@jjllplaw.com
hlitterio@gmail.com

*Attorneys for Plaintiff*
DIEGO BASILE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIEGO BASILE, professionally known as ATLXS, an individual,

Plaintiff,

vs.

CBMG LLC, doing business as BROKE, a Delaware limited liability company, DOES 1-10 inclusive,

Defendant.

CASE NO.: 2:25-cv-10051

**COMPLAINT FOR:**

1. **DECLARATORY RELIEF**
2. **DIRECT COPYRIGHT INFRINGEMENT**
3. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**
4. **VICARIOUS COPYRIGHT INFRINGEMENT**
5. **UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Diego Basile professionally known as ATLXS ("ATLXS" or "Plaintiff"), by and through its undersigned attorneys, brings this complaint (the "Complaint") against CBMG LLC, doing business as Broke ("Broke" or "Defendant") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys.

## NATURE OF THE ACTION

1. This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") in the sound recordings and music compositions.

## PLAINTIFF

2. Plaintiff ATLXS is an individual from Italy and currently residing in Italy.

## DEFENDANT

3. Defendant CBMG is a Delaware limited liability company registered to do business in the state of California with headquarters located at 1320 N. Wilton Pl. Los Angeles CA 90028.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because Defendant is incorporated in California, and a substantial amount of its business and conduct occurred in California. Defendants' conduct causing injury to ATLXS and its intellectual property occurred within the State of California through exploitation of the Subject Works on YouTube, a California-based company, accessible to California-based consumers, as well as on numerous other music

streaming websites and services. Additionally, Defendant: (a) regularly does business or solicits business in the State of California, (b) engages in a persistent course of conduct in the State of California, (c) derives substantial revenue from consumers located in the State of California, (d) expects or should reasonably expect its acts to have consequences in the State of California, and (e) derives substantial revenue from interstate commerce.

6. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because Defendant resides in Los Angeles County.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7. ATLXS is an 18-year-old Italian artist revolutionizing electronic music and the internet music scene. He is a music producer, musician, artist, entertainer, and online content creator. He has over 17 million monthly listeners on Spotify and is quickly becoming one of the genre's most influential figures.

8. His breakout track, "Passo Bem Solto," sparked a global phenomenon, becoming a viral anthem across digital platforms and clubs worldwide, and reaching #3 on the Billboard charts. "Passo Bem Solto" is also the subject on this case.

9. "Passo Bem Solto" is registered with the United States Copyright Office.

10. On or around April 2024, ATLXS released and published "Passo Bem Solto" in Italy.

11. On or around January 24, 2025, while still a minor, ATLXS entered into a predatory recording and distribution agreement with Defendant for five (5) existing master recordings (the "Recording Agreement").

12. These five (5) recordings are "Passo Bem Solto," "Passo Bem Solto – Sped Up," "Passo Bem Solto – Slowed," Passo Bem – Super Sped Up," and "Passo Bem Solto – Super Slowed" (collectively referred to herein as the "Subject

Works"). The Subject Works have over 495 million combined streams on Spotify alone.

13. Plaintiff performed under the agreement and delivered recordings of the Subject Works for distribution as required.

14. Defendant distributed and monetized the recordings, collecting income from streaming, sales, and related rights.

15. Plaintiff was a minor at all times relevant to the execution and performance of the agreement.

16. On March 22, 2025, ATLXS turned eighteen (18) years old, and reached the age of maturity.

17. On September 5, 2025, ATLXS wrote, through counsel, a letter disaffirming the Recording Agreement pursuant to California Family Code Section 6710, rendering the agreement void *ab initio.*

18. Family Code Section 6710 states: "Except as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards..."

19. This provision grants minors broad authority to void contracts they enter into. The purpose of this right is to shield minors from their own immaturity and lack of experience, as well as to discourage adults from entering into contracts with minors.

20. As of September 5, 2025, any and all transfers of copyright under the Recording Agreement are void, and ATLXS retained ownership in the copyright to the Subject Works.

21. Defendant has retained revenues, royalties, and profits derived from the exploitation of the Subject Works after disaffirmance. Defendant has continued to exploit the works through all of its streaming distribution channels, including continuing to stream the Subject Works on several streaming services, including but

not limited to YouTube and Spotify.

22. Defendant's continued distribution and exploitation of the Subject Works is copyright infringement.

23. Further, Defendant's retention of revenues, royalties, and profits derived from the exploitation of the works both before and after disaffirmance is wrongful and inequitable, as Defendant has no legal right to retain benefits obtained under a voidable contract disaffirmed by a minor.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF AND JUDGMENT

24. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 23, as though fully set forth herein.

25. Plaintiff alleges that an actual controversy has arisen by the filing of this lawsuit and now exists concerning whether Plaintiff has disaffirmed the copyright transfer at issue.

26. Plaintiff has provided notice under California Family Code Section 6710, rendering the agreement void *ab initio*. Defendant has denied such disaffirmance.

27. Per the above, Plaintiff owns of the copyrights related to the Subject Works as of the date set forth in the letter providing notice of dissaffirmance.

28. Pursuant to 28 U.S.C. §§ 2201 & 2202, a case of actual controversy within the jurisdiction of this Court has arisen and now exists between Plaintiff on the one hand, and Defendant, on the other hand, concerning their respective rights and duties as to the Subject Works, with Plaintiff contending that Defendant owns no relevant rights, and successfully disaffirmed the relevant transfer; and with Defendant contending that they still own the relevant rights, and the transfer remains in full force and effect.

29. Plaintiff seeks a declaration that they own all relevant rights, had the

ability to disaffirm the relevant Recording Agreement, and have effectively served notice of disaffirmance.

30. Plaintiff seeks damages as set forth herein.

## SECOND CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT

31. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 30, as though fully set forth herein.

32. Without Plaintiff's authorization, license, or consent, Defendant continued to reproduce, distribute, and/or publicly perform the Subject Works after the disaffirmance of the Recording Agreement, thereby infringing Plaintiff's exclusive rights of copyright to the Subject Works under the Copyright Act, 17 U.S.C. §§ 106, 501.

33. On information and belief, Defendant has authorized the reproduction, distribution, and/or public performance of the Subject Works by distributing them on online streaming platforms, including but not limited to Spotify and Youtube.

34. Each unauthorized reproduction, distribution, and/or public performance of the Subject Works constitutes a separate and distinct act of copyright infringement of the Subject Works.

35. Defendant's conduct has been intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works and the direct infringement thereof. Defendant has full knowledge that it no longer has any rights in the Subject Works, yet it continues to exploit them.

36. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

37. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

38. Defendant is causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Subject Works, and an order under 17 U.S.C. § 503 directing the impoundment, destruction, or other reasonable disposition of all infringing works.

## THIRD CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

39. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 38, as though fully set forth herein.

40. Through their conduct alleged herein, Defendant knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Subject Works, including, without limitation, by way of reproduction, distribution, and/or public performance through the YouTube and Spotify platforms. Specifically, by distributing, displaying, and performing the Subject Works on these platforms and allowing them to reproduce, distribute, and/or publicly perform the Subject Works, Defendant induced and encouraged these and other streaming services to directly infringe Plaintiff's copyrights in the Subject Works.

41. Defendant's conduct has been intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works, and the contributory infringement thereof. Defendant cannot deny it knew as of September 5, 2025, that it no longer had the right to distribute or exploit in any way the Subject Works, yet continued to do so.

42. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of

Defendant's contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

43. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

44. Defendant is causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of the Subject Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

## FOURTH CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT

45. Plaintiff hereby incorporated the allegations set forth in paragraphs 1-24, as though fully set forth herein.

46. Through their conduct alleged herein, Defendant knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Subject Works, including without limitation, by way of reproduction, distribution, and/or public performance through the various streaming and distribution websites. Specifically, Defendants enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Subject Works while having the right and ability to supervise the infringing activity yet failed to exercise that right and ability to prevent the infringing activity.

47. Defendant's conduct has been intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works, and the contributory

infringement thereof.

48. Pursuant to U.S.C. § 504(b), as a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover their actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

49. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

50. Defendants are causing, and unless enjoined by the Court will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued vicarious infringement of the Subject Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction, or other reasonable disposition of all infringing works.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

51. Plaintiff hereby incorporated the allegations set forth in paragraphs 1-50, as though fully set forth herein.

52. Defendant has received and retained a benefit – namely, profits, royalties, and the commercial value of Plaintiff's Subject Works – under circumstances making it unjust for Defendant to retain such benefits.

53. Plaintiff conferred those benefits as a result of a contract that is voidable and has been disaffirmed.

54. It would be inequitable for Defendant to retain the benefits without compensating Plaintiff for the value thereof.

55. Plaintiff is therefore entitled to restitution and disgorgement of sums and profits wrongfully retained by Defendant, plus interest and any other equitable relief the Court deems proper.

**PRAYER FOR RELIEF**

Wherefore, Counterclaimant prays for judgment as follows:

A. For a declaratory judgment pursuant to California Family Code Section 6710, that: (a) Plaintiffs notice of disaffirmance sent on or around September 5, 2025, was and is valid and in conformity with the statute and with its attendant regulations; (b) on account of that Notice, Plaintiff has validly disaffirmed the Recording Agreement, effective as of the date of the notice; (c) the assignments referenced in the Recording Agreement are entirely void *ab initio*; (d) accordingly, Plaintiff is the owner, as of the date of the notice of disaffirmance, of all right, title, and interest in and to the United States copyright for the Subject Works; and (e) Defendant shall not exploit or attempt to exploit any such interests described herein as of the date of disaffirmance.

B. To the extent that Defendant, or any of them, collect (or have collected) any income or revenue that belongs to Plaintiff (as described in the preceding paragraph), that is, prior to the filing of this action or during the pendency of this action, for an accounting of such monies, and payment of those monies over to Plaintiff, at the time of trial or at such time as judgment is entered in this matter.

C. For a preliminary and permanent injunction enjoining and restraining Defendant, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, from continued denial and disregard of the disaffirmance served by Plaintiff, to the extent that Defendants base said grounds on the legal and factual issues that are adjudicated in this suit;

D. Injunctive relief restraining Defendant, their agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from bringing any lawsuit or threat against Plaintiff for copyright infringement in connection with the Subject Works, including but not limited to its publication, distribution, performance, display, licensing, or the ability to host it online or link to it from any website.

E. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of its acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial

F. Attorneys' fees pursuant to 17 U.S.C. § 101, et seq., other portions of the Copyright Act including 17 U.S.C. § 505, as allowed by law.

G. Plaintiff's costs and disbursements.

H. For prejudgment interest at the legal rate; and

I. And other relief as the Court shall find just and proper.

Dated: October 20, 2025

**JOHNSON & JOHNSON LLP**

By *[/s/ Douglas L. Johnson]*

Douglas L. Johnson
Frank R. Trechsel
Hunter S. Litterio
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 20, 2025

**JOHNSON & JOHNSON LLP**

By *_/s/ Douglas L. Johnson_*

Douglas L. Johnson
Frank R. Trechsel
Hunter S. Litterio
*Attorneys for Plaintiff*